**04-60249**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CIV-MARRA**

**MAGISTRATE JUDGE SELTZER**

AT&T CORP.,

        Plaintiff,

Case No.

vs.

BAHAMAS TOURIST OFFICE a/k/a
BAHAMAS MINISTRY OF TOURISM; and
JOHN DOES (1-10), representing various
individuals and entities whose names and
addresses are presently unknown,

        Defendants.

_____/

## COMPLAINT

Plaintiff AT&T Corp. ("AT&T"), by way of Complaint against Defendants Bahamas Tourist Office a/k/a Bahamas Ministry of Tourism ("BTO") and John Does (1-10), representing various individuals and entities whose names are presently unknown (collectively "Defendants"), alleges as follows:

### NATURE OF CASE

1.     AT&T sues Defendants for unpaid charges for the services provided by AT&T to Defendants pursuant to express and implied contracts between AT&T and Defendants (the "Contracts").

12459/885
02/20/04 1514777.01

## PARTIES

2. AT&T is a corporation organized and existing under the laws of the State of New York and maintains a principal place of business in Bedminster, New Jersey.

3. On information and belief, BTO is a business organized and existing under the laws of the state of Florida with a principal place of business in Plantation, Florida.

4. On information and belief, John Does (1-10) are affiliated with Defendant BTO, have received and/or utilized AT&T's services and/or are responsible in whole or in part for payment of the amounts claimed by AT&T herein.

## JURISDICTION

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because diversity of citizenship exists between the parties and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

## VENUE

6. Venue is proper in the Southern District of Florida, Fort Lauderdale Division pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this district and Defendants maintain a principal place of business within this district.

## FACTS COMMON TO ALL COUNTS

7. At all times relevant to this action and pursuant to the Contracts between AT&T and Defendants, Defendants agreed to pay AT&T for telecommunications services (the "Services") provided by AT&T. The Contracts make Defendants responsible for the payment of all invoices for the services rendered to Defendants, as well as all other associated charges.

8. AT&T provided Defendants with the Services, which were used by Defendants.

9. Defendants were obligated to pay AT&T for the Services rendered to Defendants, as well as other applicable charges, on presentation of invoices to Defendants for same.

10. AT&T billed Defendants $104,361.94 (the "Amount") in accordance with the applicable rates and charges set forth in the Contracts, including charges incurred as a result of Defendants' failure to comply with the terms of the Contracts, for the Services provided relative to account numbers 305-556-5758-000 and 056-925-4456-001 from in or about April 2000 through April 2002.

## FIRST COUNT

11. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

12. Defendants have failed and refused to pay the Amount owed to AT&T. The amount remains due and owing from Defendants.

**WHEREFORE,** AT&T demands judgment against Defendants on the First Count of the Complaint:

(1) in the amount of $104,361.94 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

## SECOND COUNT

13. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

14. There is due from Defendants the Amount on a certain book account for the Services rendered to Defendants. Payment has been demanded and has not been made.

**WHEREFORE,** AT&T demands judgment against Defendants on the Second Count of the Complaint:

(1) in the amount of $104,361.94 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

### THIRD COUNT

15. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

16. AT&T sues Defendants for the services rendered to Defendants on Defendants' promise to pay the Amount. Payment has been demanded and has not been made.

17. Defendants, being indebted to AT&T in the Amount on an account stated between them, did promise to pay AT&T the Amount on demand. Payment has been demanded and has not been made.

**WHEREFORE,** AT&T demands judgment against Defendants on the Third Count of the Complaint:

(1) in the amount of $104,361.94 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

## FOURTH COUNT

18. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

19. AT&T rendered to Defendants the services reasonably valued at $104,361.94.

20. AT&T sues Defendants for the reasonable value of the Services rendered to Defendants on Defendants' promise to pay a reasonable sum for same. Payment has been demanded and has not been made.

**WHEREFORE,** AT&T demands judgment against Defendants on the Fourth Count of the Complaint:

(1) in the amount of $104,361.94 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

## FIFTH COUNT

15. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

16. Defendants, being indebted to AT&T in the Amount on an account stated between them, did promise to pay to AT&T said sum on demand. Payment has been demanded and has not been made.

**WHEREFORE**, AT&T demands judgment against Defendants on the Fifth Count of the Complaint:

(1) in the amount of $104,361.94 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

### SIXTH COUNT

21. AT&T repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

22. AT&T conferred a benefit on Defendants in the form of the services, and Defendants recognized and accepted the benefit. Payment has been demanded and has not been made.

23. The reasonable value for the services provided and not paid for is $104,361.94.

24. Defendants utilized the services and did not pay the reasonable value therefore.

25. Defendants failure to pay the reasonable value of the telecommunications services provided by AT&T will result in the inequitable and unjust enrichment of Defendants in the amount of $104,361.94.

**WHEREFORE,** AT&T demands judgment against Defendants on the Sixth Count of the Complaint:

(1)  in the amount of $104,361.94 plus pre-judgment and post-judgment interest;

(2)  awarding costs and disbursements incurred by AT&T in prosecuting this action, including reasonable attorneys' fees; and

(3)  for such other and further relief as the Court deems just and proper.

George E. Patterson, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
973.597.2400 Telecopier

- and -

ROY L. WEINFELD, P.A.
2200 Suntrust International Center
One Southeast Third Avenue
Miami, FL 33131
305.358.9045
305.358.9042 Telecopier
Attorneys for Plaintiff AT&T Corp.

By: _____
     Roy L. Weinfeld, Esq.
     Florida Bar No.: 0068926

Dated: February 27, 2004

(Rev. 07/89) **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
AT& T CORP.

**DEFENDANTS**
BAHAMAS TOURIST OFFICE a/k/a BAHAMAS MINISTRY OF TOURISM, and JOHN DOES (1-10), representing various individuals and entities whose names and addresses are presently unknown

04-60249
CIV-MARRA
MAGISTRATE
SELTZER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
ROY L. WEINFELD, P.A.
1 SE 3rd AVENUE, SUITE 2200
MIAMI, FL 33131
305-358-9045

BROWARD COUNTY

**(ATTORNEYS (IF KNOWN)**

2004 FEB 27

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ⌘ 1 U.S. Government Plaintiff
- ⌘ 3 Federal Question (U.S. Government Not a Party)
- ⌘ 2 U.S. Government Defendant
- ⌘ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ⌘1 | ⌘1 | Incorporated or Principal Place of Business in This State | ⌘4 | ⌘4 |
| Citizen of Another State | ⌘2 | ⌘2 | Incorporated and Principal Place of Business in Another State | ⌘5 | ⌘5 |
| Citizen or Subject of a Foreign Country | ⌘3 | ⌘3 | Foreign Nation | ⌘6 | ⌘6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This action arises under Tariffs filed with the Federal Communications Commission, and 28 U.S.C. sections 1331 and 1367, in which Defendant violated and defaulted on payments of Tariffs to Plaintiff.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ✖ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ✖ 610 Agriculture | ✖ 422 Appeal 28 USC 158 | ✖ 400 State Reapportionment |
| ✖ 120 Marine | ✖ 310 Airplane | ✖ 362 Person Injury- Med Malpractice | ✖ 620 Other Food & Drug | ✖ 423 Withdrawal 28 USC 157 | ✖ 410 Antitrust |
| ✖ 130 Miller Act | ✖ 315 Airplane Product Liability | | ✖ 625 Drug Related Seizure of Property 21 USC 881 | | ✖ 430 Banks and Banking |
| ✖ 140 Negotiable Instrument | | ✖ 365 Personal Injury Product Liability | | **PROPERTY RIGHTS** | ✖ 450 Commerce/ICC /Rates |
| ✖ 150 Recovery of Overpayment & Enforcement of Judgment | ✖ 320 Assault, Libel & Slander | ✖ 368 Asbestos Personal Injury Product Liability | ✖ 630 Liquor Laws | | ✖ 460 Deportation |
| | ✖ 330 Federal Employers' Liability | | ✖ 640 R.R. & Truck | ✖ 820 Copyrights | ✖ 470 Racketeer Influenced and Corrupt Organizations |
| ✖ 151 Medicare Act | | | ✖ 650 Airline Regs | ✖ 830 Patent | |
| ✖ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ✖ 340 Marine | **PERSONAL PROPERTY** | ✖ 660 Occupational Safety/Health | ✖ 840 Trademark | ✖ 810 Selective Service |
| | ✖ 345 Marine Product Liability | ✖ 370 Other Fraud | ✖ 690 Other | **SOCIAL SECURITY** | ✖ 850 Securities/Commodities Exchange |
| ✖ 153 Recovery of Overpayment of Veteran's Benefits | | ✖ 371 Truth in Lending | | ✖ 861 HIA (1395ff) | ✖ 875 Customer Challenge 12 USC 3410 |
| | ✖ 350 Motor Vehicle | ✖ 380 Other Personal Property Damage | **LABOR** | ✖ 862 Black Lung (923) | |
| ✖ 160 Stockholders' Suits | ✖ 355 Motor Vehicle Product Liability | | ✖ 710 Fair Labor Standards Act | ✖ 863 DIWC/DIWW (405(g)) | ✖ 891 Agricultural Acts |
| X✖ 190 Other Contract | ✖ 360 Other Personal Injury | ✖ 385 Property Damage Product Liability | | ✖ 864 SSID Title XVI | ✖ 892 Economic Stabilization Act |
| ✖ 195 Contract Product Liability | **CIVILE RIGHTS** | | ✖ 720 Labor/Mgmt. Relations | ✖ 865 RSI (405(g)) | ✖ 893 Environmental Matters |
| | ☐ | | ✖ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ✖ 894 Energy Allocation Act |
| | | | ✖ 740 Railway Labor Act | ✖ 870 Taxes (U.S. Plaintiff or Defendant) | ✖ 895 Freedom of Information Act |
| | | | ✖ 790 Other Labor Litigation | ✖ 871 IRS-Third Party 26 USC 7609 | ✖ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | ✖ 791 Empl. Ret. Inc. Security Act | | ✖ 950 Constitutionality of State Statutes |
| | | | | | X✖ 890 Other Statutory Actions |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- X✖ 1 Original Proceeding
- ⌘ 2 Removed from State Court
- ⌘ 3 Remanded from Appellate Court
- ⌘ 4 Reinstated or Reopened
- ⌘ 5 Transferred from another district (specify)
- ⌘ 6 Multidistrict Litigation

**DEMAND $104,361.94 PLUS INTEREST**

**VII. REQUESTED IN COMPLAINT:**
CHECK YES only if demanded in complaint:
CHECK IF THIS IS A **CLASS ACTION**
⌘ UNDER F.R.C.P. 23

**JURY DEMAND:** ✖ YES X NO

DATE: 02/27/04

SIGNATURE OF ATTORNEY OF RECORD:

$150.00